# UNITED STATES DISTRIC COURT

For the
Western District of Texas
Waco Division

**FILED**

MAR 0 8 2017

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

<u>**Eddie Alberto Roman**</u>

*Plaintiff*

v.

**Caribbean Cinema Corporation**

*Defendant No 1*

Case No. **W17CA064**

PLAINTIFF DEMAND TRIAL BY JURY

## COMPLAINT FOR A CIVIL CASE

### I. The Parties to This Complaint:

#### A. The Plaintiff

Name: <u>Eddie Alberto Roman</u>

Street Address: <u>13721 FM 2305</u>

City and County: <u>Belton, Bell County</u>

State and Zip Code: <u>Texas 76513</u>

E-Mail: <u>ignorantiajurisnonexcusat@yahoo.com</u>

#### B. The Defendants

Defendant No. 1

Name: <u>Caribbean Cinema Corporation</u>

Street Address: <u>1512 Fernandes Juncos</u>

City and County: <u>San Juan, County N/A</u>

State and Zip Code: <u>Puerto Rico, 00909</u>

## II. Basis for Jurisdiction

What is the basis for court jurisdiction? Federal Question

### A. If the Basis for Jurisdiction is a Federal Question

Violation of the title III of the Americans with Disabilities Act of 1990 (42 U.S.C. 12101, Part 36.202- Denial of Participation

### III. Statement of Claim

1. On January 8, 2016 at Approximate 20:48 HRS (Atlantic Standard Time), the plaintiff, Eddie Alberto Roman, a Disabled Veteran with his Service Dog "Pilot" also known as a fully-accredited Service Dog Team, purchased two movie tickets for him and a companion at the defendant 's Caribbean Cinema of Plaza del Norte, Barrio Carrizalez located at PR Highway 2, KM, 81.9 in Hatillo, Commonwealth of Puerto Rico. Immediately after purchasing the tickets, the unidentified female ticket sales person asked "if the dog was going in too?" to which the plaintiff, Eddie A Roman replied "yes". She immediately jumped out of her booth and called the manager and motion to the ushers at the entrance to block the plaintiff Eddie Alberto Roman access until the matter

was resolved. Immediately three unidentified male usher ran to the front of the theater to make sure that the Plaintiff, Eddie Alberto Roman, his companion and his clearly marked service dog Pilot were blocked access to the movie theater while allowing non- disabled patron to enter freely and guarded the plaintiff as if he was committing a crime. The Plaintiff, Eddie A Roman, explained to them that he just wanted to watch a movie in peace and that blocking or denying entrance to a public facility to disabled patron with a service dog was against the American with Disabilities Act After a while the Theater Manager later identified as Lourdes Santiago, informed, the plaintiff, Mr. Eddie Alberto Roman, publicly and in demanding tone that the only dogs allowed at the Caribbean Cinema were "guide dogs" for costumer that were Blind or Deaf and since I was neither I could be allowed into the theater. The plaintiff, Mr. Eddie Alberto Roman proceeded to explained the requirement under the American with Disabilities Act again and pointed out that his dog was indeed marked and identified as a service dog and that he was entitled to be in the premises just as any other non-disabled patron would. Theater Manager, Lourdes Santiago, still denied entrance citing that the plaintiff, Mr. Eddie Alberto Roman was no allowed unless she obtained authorization from higher echelon management and until them I could not enter. The plaintiff, Mr. Eddie Alberto Roman feeling publicly embarrassed and humiliated in front of patrons, theater employees and his companion requested a refund and left the premises. By denying entrance to the plaintiff Eddie a Roman and his companion the defendant, Caribbean Cinema Corporation committed a civil

right violation by not following the mandate under Title III of the Americans with Disabilities Act of 1990 (42 U.S.C. 12101, Part 36.202- Denial of participation. Causing him extreme public embarrassment and humiliation in front of other patrons, store employees and his friend which therefore cause the plaintiff, Mr. Eddie Alberto Roman, extreme anxiety and depression.

2.

## IV. Relief

Because of the Defendants, Caribbean Cinema Corporation breach of their obligation and discriminatory conduct, Plaintiff Eddie Alberto Roman suffered depression, fear, anxiety, was subjected to public humiliation, became nervous for not being able to enter the theater with his service dog to watch a movie.

Because of the defendants, Caribbean Cinema Corporation, discriminatory conduct, Plaintiff Eddie Alberto Roman has suffered much and has become house-ridden, not daring to go out for fear that he will be rejected everywhere, as he was rejected at the Caribbean Cinema-Plaza del Norte located in Hatillo, Commonwealth of Puerto Rico.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff, Eddie Alberto Roman prays that Defendants, Caribbean Cinema Corporation be cited to appear and answer and that upon hearing Plaintiff have the following:

1. Requiring all Caribbean Cinemas in Puerto Rico to have wording that service dogs are allowed at their entrance in both English and Spanish.

2. That all Caribbean Cinema personnel, including management and employees in Puerto Rico and in the U.S. Virgin Island received proper initial and refresher training on the American with Disabilities act requirements regarding service dogs.

3. An award or other relief as the court considers to be appropriate, including monetary damages to which Plaintiff show himself entitle to received

4. Such other and further relief, whether at law or equity, whether at law or in equity law or in equity, to which he may show himself entitle to receive.

## V. Certification and Closing.

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint : (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, needlessly increase the cost of litigation; (2) is supported by existing law or by a no frivolous argument for extending, modifying, or reversing existing law; (3) factual contention have evidentiary support or, if specifically so identified, will likely have evidentiary support after reasonable opportunity for further investigation or discovery; (4) the complaint otherwise complies the requirement of Rule 11.

A. I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a

current address on file with the Clerk's office may result in the dismissal of my case.

Date of signing: _March 8, 2017_

Signature of Plaintiff: _[signature]_

Printed name of Plaintiff: _Eddie Alberto Roman_