IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| EDDIE ALBERTO ROMAN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 6:17-CV-064  RP |
| | § | |
| CARIBBEAN CINEMA CORPORATION, | § | |
| | § | |
| Defendant. | § | |

## <u>ORDER</u>

Before the Court is Plaintiff's pro se complaint asserting violations of the Americans with Disabilities Act ("the ADA"). (Comp., Dkt. 1, at 3). He alleges that he was denied access to Defendant's movie theater in Hatillo, Puerto Rico, because managers and employees would not allow him to enter with his service dog, Pilot. (*Id.* at 2). Plaintiff seeks both monetary damages and certain injunctive relief, including an order "[r]equiring Caribbean Cinemas in Puerto Rico to have wording that service dogs are allowed at their entrance in both English and Spanish," and requiring that all of Defendant's employees "in Puerto Rico and in the U.S. Virgin Island[s] receive[] proper initial and refresher training on the [ADA] requirements regarding service dogs." (*Id.* at 4–5).

After review of Plaintiff's complaint, the Court finds that this action should be transferred to the United States District Court for the District of Puerto Rico. Venue in this case is governed by the general venue statute codified in 28 U.S.C. § 1391. Section 1391 provides, in relevant part, a civil action filed in federal district court may be brought in "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal

jurisdiction with respect to such action." 28 U.S.C. § 1391. For the purposes of venue, a defendant is deemed to reside "in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question." 28 U.S.C. § 1391(c)(2).

The address Plaintiff has provided for Defendant Caribbean Cinema Corporation is in San Juan, Puerto Rico. It appears that Defendant does not reside in this district for the purposes of venue. Further, according to the complaint, all events or omissions giving rise to Plaintiff's claim occurred in Puerto Rico.

Pursuant to 28 U.S.C. § 1406, "the district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." Pursuant to 28 U.S.C. § 1404, "in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." It appears that this case was brought in the wrong venue, thus should be dismissed or transferred to Puerto Rico pursuant to 28 U.S.C. § 1406. In the alternative, the Court concludes that it is in the interest of justice to transfer the case to Puerto Rico pursuant to 28 U.S.C. § 1404. Puerto Rico constitutes one judicial district. 28 U.S.C. § 119. This action should have been brought in the District of Puerto Rico, given it is where Defendant resides and where the actions giving rise to this lawsuit occurred. 28 U.S.C. § 1391(b).

Accordingly, it is therefore **ORDERED** that the above-referenced case is **TRANSFERRED** to the United States District Court for the District of Puerto Rico

SIGNED on April 28, 2017.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE